IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALAN FRAGUA,

    Plaintiff,

v.                                                                       CV 16-1404 RB/WPL

AL CASAMENTO, Director,
Sandoval County Detention Center,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Plaintiff Alan Fragua filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 1303, for relief from a tribal court conviction. (Doc. 1.) Fragua alleges that he was not advised of his right to counsel until the morning of trial, that he never executed a written waiver of counsel, that the Pueblo of Jemez has no process for allowing or providing attorneys to practice before the Jemez Tribal Court, that the Jemez Tribal Court does not provide for the right to trial by jury, and that, because the Pueblo of Jemez does not provide any avenue for appeal, that he has exhausted all of his tribal remedies. Defendant Al Casamento[1] filed a response and argues that Fragua has not exhausted all of his tribal court remedies because he did not file for post-conviction relief, that the Pueblo of Jemez advised Fragua of his right to counsel at his arraignment and did not violate his right to counsel, and that the Pueblo of Jemez did not violate Fragua's right to jury trial because Fragua did not request a jury trial. (Doc. 6.)

Fragua appeared for trial before the Jemez Tribal Court on November 9, 2016. He was found guilty of aggravated battery under section 30-2-19 of the Pueblo of Jemez Tribal Code.

---

[1] The Pueblo of Jemez is not a proper respondent in this action and was dismissed from the case. (Doc. 4.) Casamento is the Director of the Sandoval County Detention Center, and is the appropriate defendant in this case.

That same day, Fragua was sentenced to 364 days in jail, and was remanded to custody. Judge Allan R. Toledo apparently presided over Fragua's trial. The parties agree that Fragua was not represented by counsel and that the case was not tried to a jury.

The facts in this case are scant, in no small part because Casamento failed to produce "the recording from Fragua's November 9, 2016, trial, in its entirety, and any additional proceedings involving Fragua that led up to that trial," and also failed to "produce all records, electronic, paper, or otherwise, related to Jemez Pueblo v. Alan A. Fragua, No. CR 16-123," as directed in my Order of March 30, 2017. (Doc. 8.)

Under the Indian Civil Rights Act ("ICRA"), tribes may not deny criminal defendants facing imprisonment "the right, upon request, to a trial by jury," 25 U.S.C. § 1302(a)(10); or the right "at his own expense to have the assistance of counsel for his defense," *id.* at § 1302(a)(6). Fragua contends that he was constructively denied the right to counsel because he was not informed of that option until the morning of trial, and that he was constructively denied the right to a jury trial because the Pueblo of Jemez has no mechanism for providing a jury trial and because he was never informed of that right.

Federal courts may not exercise jurisdiction over a habeas petition presenting ICRA claims unless the petitioner has first exhausted his tribal remedies. *See Alvarez v. Lopez*, 835 F.3d 1024, 1027 (9th Cir. 2016) (en banc) (citing *Grand Canyon Skywalk Dev., LLC v. 'SA' NYU WA Inc.*, 715 F.3d 1196, 1200 (9th Cir. 2013)). The petitioner bears the burden of establishing that he has exhausted all tribal remedies or that pursuing such remedies would have been futile. *Id.* (citing *Jeffredo v. Macarro*, 599 F.3d 913, 918 (9th Cir. 2010); *Wounded Knee v. Andera*, 416 F. Supp. 1236, 1239 (D.S.D. 1976). However, "[i]f a tribal remedy in theory is non-existent in

fact or at best inadequate, it might not need to be exhausted." *Wounded Knee*, 416 F. Supp. at 1239 (citing *Schantz v. White Lightning*, 502 F.2d 67, 70 n.6 (8th Cir. 1974)).

It is undisputed that Fragua did not pursue any kind of post-conviction motions practice or direct appeal in this matter. Fragua contends, however, that attempting to pursue post-conviction relief through the tribal courts would be futile because the Jemez Tribal Code does not provide any mechanism for pursuing such relief. Judge Toledo submitted an affidavit stating that post-trial remedies are available under the Jemez Tribal Code, but that no appeals have been filed during his tenure and that Fragua did not file for post-conviction relief. (Doc. 6 Ex. 1.)

In fact, the Jemez Tribal Code provides as follows: "RULE 22　NEW TRIAL (RESERVED);" "RULE 24　RIGHT OF APPEAL; HOW TAKEN (RESERVED);" "RULE 25 STAY OF JUDGMENT AND RELIEF PENDING REVIEW (RESERVED)." (Doc. 10 Ex. 1 at 18.) The Jemez Tribal Code contains no additional provisions, of any kind, for post-conviction relief. Because the Jemez Tribal Code does not provide any avenue for seeking post-conviction relief of any kind, any attempt at pursuing post-conviction relief would have been futile. Casamento's contention that Fragua failed to exhaust his available remedies because he never sought post-conviction relief is fanciful. When no remedies are available, it is not incumbent upon an unrepresented criminal defendant to navigate or, in this case, create avenues of appeal in order to meet the exhaustion requirement.

Under the ICRA, "[n]o Indian tribe in exercising powers of self-government shall . . . deny to any person accused of an offense punishable by imprisonment the right, upon request, to a trial by jury." 25 U.S.C. § 1302(a)(10). Casamento contends that the Pueblo of Jemez did not violate Fragua's right to trial by jury because no such trial was requested. Casamento supports this position with Judge Toledo's Affidavit. The Affidavit reads:

> Proceedings in criminal matters and cases are held pursuant to Title I Chapters 3 and 4, Title II Pueblo of Jemez Rules of Criminal Procedures and Title III Pueblo of Jemez Criminal Code as follows:
> a. Title II, Chapter I, Rule 3.8 provides that the Defendant is conferred all rights and protection under the Indian Civil Rights Act of 1968, 25 USC § 1301 et seq. During Arraignment, Defendants are advised of their rights as follows:
>    1.) Right to be represented by an attorney at his own expense.
>    2.) Right to be informed of the charges against him and sanctions to be imposed.
>    3.) Right to remain silent
>    4.) Right to cross examine witnesses
>    5.) Right to a speedy and public trial
>    6.) Right to call his own witnesses
>    7.) Right to post bail

(Doc. 6 Ex. 1.) Nowhere in that list is a right to trial by jury.

In *Alvarez*, the Ninth Circuit concluded that a tribal defendant's "right to 'fair treatment' includes the right to know that he would forfeit his right to a jury unless he affirmatively requested one." 835 F.3d at 1029. Casamento attempts to argue that Fragua waived his right to jury trial by participating in a bench trial without objection, but fails to address the issue that Fragua was never—by Judge Toledo's own admission—informed of his right to trial by jury or his obligation to affirmatively request such a trial. Fragua was not represented by counsel. He cannot be "expected to understand more about his rights than [the Tribal Court tells him]." *Id.*

Here, the jury issue should be dispositive. Because Fragua was never informed of his right to trial by jury, he could not be expected to request one. Indeed, even if Fragua had requested a trial by jury, the Jemez Tribal Code has no mechanism for providing a jury trial. Because denial of the right to a jury trial is a structural defect, it requires automatic reversal. *See Sullivan v. Louisiana*, 508 U.S. 275, 281-82. It is therefore not necessary to reach Fragua's claim about being denied his right to counsel.

As such, I recommend that the Court conclude that the Pueblo of Jemez denied Fragua his right under ICRA to be tried by a jury, grant Fragua's petition, immediately reverse his conviction, and order his release.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_William P. Lynch_
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.