# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ALAN FRAGUA,

       Plaintiff,

v.                                                         CV 16-1404 RB/WPL

AL CASAMENTO, Director,
Sandoval County Detention Center,

       Defendant.

## ORDER SHORTENING THE TIME FOR OBJECTIONS

The Proposed Findings and Recommended Disposition ("PFRD"), filed on May 8, 2017, recommends granting Alan Fragua's petition pursuant to 25 U.S.C. § 1303 for relief from a tribal court conviction due to a structural defect, namely that Fragua was never advised of his right to a jury trial. (Doc. 12.) The PFRD correctly recites that the parties have fourteen days in which to file objections under 28 U.S.C. § 636(b)(1).

Other courts have held that the fourteen-day (previously ten-day) objection period "may be shortened where exigencies exist." *Hispanic Counseling Ctr., Inc. v. Incorporated Village of Hempstead*, 237 F. Supp. 2d 284, 290 (E.D.N.Y. 2002) (citing *United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978)). In *Hispanic Counseling Center*, the Eastern District of New York shortened the time in which to file objections due to "the time constraints in the plaintiffs' contract to purchase the new building." *Id.* In *Barney*, the Ninth Circuit upheld a shortened period for objections due to the Court's calendar. 568 F.2d at 136. In *Sabal Trail Transmission, LLC v. 7.72 Acres in Lee Cnty., AL*, CASE NOS. 3:16-CV-173-WKW, 3:16-CV-174-WKW, 3:16-CV-175-WKW, 3:16-CV-176-WKW, 2016 WL 3450827 (M.D.Al. June 20, 2016) (slip

copy), the court upheld a shortened time period for objections "to permit sufficient time for the court to consider objections prior to the . . . deadline for construction activities to commence," and found that "[t]ime is of the essence." 2016 WL 3450827, at *1 n.4 (citing *United States v. Slowden*, No. 11-60288-CR, 2012 WL 696597, at *8 (S.D. Fla. Feb. 16, 2012) ("Where exigencies exist, a court may shorten the time for filing objections."), *recommendation adopted*, No. 11-60288-CR, 2012 WL 696399 (S.D. Fla. Mar. 1, 2012).

This case implicates a structural defect in a criminal conviction and the denial of a right specifically provided in the Indian Civil Rights Act ("ICRA"), 25 U.S.C. § 1302(a)(10). The denial of the right to a jury trial is a structural defect that requires automatic reversal. *See Sullivan v. Louisiana*, 508 U.S. 275, 281-82 (1993).

Given the gravity of the situation, the Court finds that exigency exists and time is of the essence. Therefore, the parties will file their objections to the PFRD, if any, by **5:00 p.m.** on **May 12, 2017**. If any party believes that they do not have sufficient time to file proper objections, they must move the Court for an extension in advance of the 5:00 p.m. deadline. Any motion for an extension must include a statement explaining the cause for delay and the general basis of the objection.

IT IS SO ORDERED.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT COURT